Cindy L. McKinley
1115 SW 11th Ave., #227
Portland, OR 97205

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**PORTLAND** DIVISION

FILED 04 DEC '14 10:54 USDC-ORP

$$3\,'14 - CV - 1931\ \ HZ$$

CINDY LOU MCKINLEY
Plaintiff,

Civil Case No. _____
(to be assigned by Clerk of Court)

Federal Tort Claims Action
ADA Action
Civil Rights Action
Privacy Act of 1974 Action
False Claims Action
COMPLAINT
Jury Trial Demanded
☒   Yes   ☐   No

UNITED STATES GOVERNMENT
SLOAN D. GIBSON, (Deputy Secretary of Veterans Affairs)
ANNETTE MARIE MATTHEWS, MD, (Staff Psychiatrist, Portland VA Medical Center)
ERICK HOWARD TURNER, MD, (Staff Psychiatrist, PVAMC))
CAROL SUZANNE UTTERBERG, PMHNP, (Medication Mgmt Nurse Practitioner, PVAMC)
ROBERT A. TELL, LCSW, (Manager, Outpatient Mental Health Clinic, PVAMC)
LORRAINE TIFFANY ANGER, RN, (Emergency Department RN, PVAMC)
DANIEL SPINAS, (Portland VA Police Officer), middle name unknown, to be determined
during discovery
ADDITIONAL PORTLAND VA POLICE OFFICERS, names to be determined during
discovery

        Defendant(s).

Complaint

pg. 1

## I. PARTIES

List your name, address, and telephone number below, and the same information for each defendant. Make sure that the defendant(s) listed below are identical to those contained in the caption of the complaint. Attach additional sheets of paper if necessary.

Plaintiff Name: <u>Cindy Lou McKinley</u>

Street Address: <u>1115 SW 11th Ave., #227</u>

City, State & Zip Code: <u>Portland, OR  97205</u>   Telephone No.  <u>503-719-2333</u>

Defendant No. 1

Name: <u>Sloan D. Gibson, Deputy Secretary of Veterans Affairs</u>

<u>US Department of Veterans Affairs</u>

Street Address: <u>810 Vermont Ave NW</u>

City, State & Zip Code: <u>Washington, DC  90420</u>

Telephone No.:<u>1-800-827-1000</u>

Defendant No. 2

Name: <u>Annette Marie Matthews, MD, Staff Psychiatrist,</u>

<u>Portland VA Medical Center, Mental Health Clinic</u>

Street Address: <u>3710 SW U.S. Veterans Hospital Road</u>

City, State & Zip Code: <u>Portland, OR  97239</u> Telephone No.: <u>503-220-8262</u>

Defendant No. 3

Name:  Erick Howard Turner, MD, Staff Psychiatrist,

Portland VA Medical Center, Mental Health Clinic

Street Address:  3710 SW U.S. Veterans Hospital Road

City, State & Zip Code:  Portland, OR  97239 Telephone No.: 503-220-8262


Defendant No. 4 (Note: Ms. Utterberg has retired, but PVAMC should have her

forwarding address)

Name:  Carol Suzanne Utterberg, PMHNP,

Portland VA Medical Center, Mental Health Clinic

Street Address:  3710 SW U.S. Veterans Hospital Road

City, State & Zip Code:  Portland, OR  97239 Telephone No.: 503-220-8262


Defendant No. 5

Name:  Robert A. Tell, LCSW, Mental Health Clinic Manager

Portland VA Medical Center, Mental Health Clinic

Street Address:  3710 SW U.S. Veterans Hospital Road

City, State & Zip Code:  Portland, OR  97239 Telephone No.: 503-220-8262

Complaint

Defendant No. 6

    Name: Lorraine Tiffany Anger, RN,

        Portland VA Medical Center, Emergency Department

    Street Address: 3710 SW U.S. Veterans Hospital Road

    City, State & Zip Code: Portland, OR 97239 Telephone No.: 503-220-8262

Defendant No. 7

    Name: Daniel Spinas, VA Police Officer

        Portland VA Medical Center, Police Department

    Street Address: 3710 SW U.S. Veterans Hospital Road

    City, State & Zip Code: Portland, OR 97239 Telephone No.: 503-220-8262

Defendant No. 8

    Name: Additional VA Police, whose names have not been provided when

        requested, and will be determined during discovery,

        Portland VA Medical Center, Police Department

    Street Address: 3710 SW U.S. Veterans Hospital Road

    City, State & Zip Code: Portland, OR 97239 Telephone No.: 503-220-8262

Complaint

## II. JURISDICTION

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. A case involving the United States Constitution or federal laws or treaties is a federal question case. A case in which a citizen of one state sues a citizen of another state and the amount in damages claimed is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction (check all that apply)

☐ Federal Question              ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory, or treaty right is at issue?

US Government is defendant. USC's are provided on Civil Cover Sheets. To

summarize, the statutes in question are the Federal Tort Claims Act, the Americans

with Disabilities Act, Federal Civil Rights, Privacy Act of 1974, and False Claims

Act.

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state of citizenship _____

Defendant(s) state(s) of citizenship _____

Complaint

pg. 5

## III.   STATEMENT OF CLAIMS

### Claim I

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result.  It is not necessary to give any legal arguments or cite any cases or statutes.

#### FTCA – Medical Malpractice

1) On January 3, 2014, at the Portland VA Medical Center,

Annette Matthews, MD, and Erick Turner, MD signed a two-physician hold on me without performing the "face-to-face" examination required by law and in accordance with the ethics and evaluation guidelines set forth by the American Psychiatric Association.   As such, these physicians breached the duty of reasonable care as defined by their profession. Injuries incurred include, but are not limited to: ongoing emotional and mental suffering adding additional trauma to an already complex and serious PTSD condition;   the destruction of a therapeutic relationship with VA Mental Health Clinic which has severely limited my access to programs and groups that would be helpful to my PTSD treatment; excessive humiliation and dehumanization as Dr. Matthews decided there was no value in actually talking to me; as a result of being placed on a hospital hold, I was turned over to the VA police, who further traumatized me and threw me to the ground which has resulted in nerve damage to my right elbow.

## Claim II

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.

<u>False Claims Act</u>

1) On January 3, 2014, at the Portland VA Medical Center,

in recording notes of a brief outpatient medication management appointment, Carol Utterberg falsified my mental health record and omitted critical information that proved that I was not a danger to myself or others and proved that I was able and willing to responsibly care for myself and others. Ms. Utterberg's state of mind must be considered since she had previously tried to retire and was asked to stay on until a replacement was found. Major transitions, and delays in major transitions, are well documented to cause stress and confusion. It is also well documented that mental health providers suffer from a high burn out rate which may have contributed to her confusion. Her recall of our conversation is not consistent with my behavior before, during, and after out brief session. Either she forgot that I had major trauma issues with police (held hostage at gunpoint by a drunk police officer who was having a breakdown in Dallas, TX) or with knowledge, malice, and intent that a police encounter would be highly traumatic to me, she chose to contact police surreptitiously. Not knowing that the police were coming, I was shocked and terrified when they showed up and had no idea why they were there except Ms. Utterberg's behavior during our session had been strange and bizarre. Injuries

Complaint

incurred include, but are not limited to: the false claim that I was dangerous (which was never verified, corroborated, or proven) which initiated the denial of patient rights, civil liberties, and so forth as described in subsequent claims; the destruction of a therapeutic relationship with VA Mental Health Clinic which has severely limited my access to programs and groups that would be helpful to my PTSD treatment; entries in my record that falsely characterize me as dangerous and homicidal which amounts to libel given that mental health records are not properly protected from a wider audience (refer to Claim V).

2) According to the VA police incident report, Carol Utterberg told the VA police that I had a gun, not that I "might" have a gun, but that I had a gun. During our brief session, I specifically told her I did not have a gun. So either she lied in her statement to the police or the police lied in the incident report. If Ms. Utterberg told the police that I had a gun, again please consider her state of mind as mentioned in Claim II, Paragraph 1. If the police falsified the incident report, please consider that the false statement was made with knowledge, intent, and malice to discredit me and support their claims that I was dangerous and needed to be chased down, detained, and subjugated. In actuality, I calmly and willingly submitted to a search by the VA police and no gun was found. Injuries incurred include, but are not limited to: the humiliation of being chased down, subdued, and terrorized by the VA police; the destruction of a therapeutic relationship with VA Mental Health Clinic which has severely limited my access to programs and groups that would be helpful to my PTSD treatment; ongoing emotional and mental suffering.

Complaint

3) The police incident report has too many errors, inconsistencies, and omissions to list. This list can be provided upon request. Daniel Spinas, a VA police officer, wrote the report and Dr. Annette Matthews, signed the report as a witness. Please consider that Officer Daniel Spinas and Dr. Annette Matthews colluded to produce this report that is chock full of obvious errors, inconsistencies, and omissions. Their state of mind was to cover up their mistakes and obvious departures from professional standards and lack of knowledge concerning patient rights, civil rights, and ADA regulations. Injuries incurred include, but are not limited to: false documentation that further characterizes me as dangerous and homicidal; lack of physical safety for myself and my service dog at the VA; I cannot rely on VA police to be unbiased and honest brokers of information regarding any incident at the VA. These injuries further limit my access to programs and groups that would be helpful to my PTSD treatment.

4) Dr. Annette Matthews could not have been a witness to the entire police incident report. She was present with me for less than two minutes during the entire incident. Please consider that she had absolutely no knowledge of most of the events recorded in the police incident report. Therefore, with malice, intent, and knowledge of her disqualification as a witness, she fraudulently signed the police incident report as a witness. Injuries incurred include, but are not limited to: the destruction of a therapeutic relationship with VA Mental Health Clinic which has severely limited my access to programs and groups that would be helpful to my

PTSD treatment.

5) Dr. Annette Matthews submitted an official district court document stating that she had performed a "face to face examination" which she did not perform in accordance with the American Psychiatric Association's publications, "Principles of Medical Ethics with Annotations Especially Applicable to Psychiatry" and "Psychiatric Evaluations of Adults", specifically those sections on emergency evaluations and evaluations of aggressive or agitated individuals. Please consider that Dr. Matthews appeared in a stairwell after the VA police had cornered me and my PTSD service dog, threatened to take my service dog to the pound, and repeatedly harassed me even when I asked them to stop talking to me so I could calm down and think. Dr. Matthews did not introduce herself when she entered the stairwell. I had to ask, "Who are you? I don't know you." Only then did she say, "My name is Dr. Matthews. I am a psychiatrist here." These are the only words Dr. Matthews has ever said to me. Dr. Matthews never asked me a single question. She signed the hold order without telling me why I was being placed on a hold and then handed the hold order to the police officer. Dr. Matthews then turned her back to me as she ascended the stairs. As she walked away, I said, "You haven't even talked to me. You don't even know me." She never looked back and has never spoken to me since that time. Please consider that Dr. Matthews showed no interest in performing her professional obligations and spent approximately 90 seconds in the stairwell. Please consider that Dr. Matthews was in a hurry to leave and with malice and intent turned her back on me when I was still trying to communicate

pg. 10

Complaint

with her. Fourteen hours later, I saw the hold order. It did not have my name on it and the justification for my hold was stated as, "Threatening to kill self with gun; Possible ideation of psychotic ideation of a staff member; Danger to self and others." I did not have a gun. I have no idea what psychotic obsession she is referring to. There is no evidence to suggest that I was a danger to myself or others. The only person who alleges that I said these things is Ms. Utterberg, a person alleged to be burnt out, confused, and stressed. The hold order goes on to say, "I was unable to participate in collaborate care and not willing to contract for safety." I have witnesses that will confirm that I tried to do these things prior to the police arriving and chasing me down. Furthermore, Dr. Matthews didn't ask me any questions about collaborative care and safety planning. Again, consider that Dr. Matthews had already filled out the hold form prior to entering the stairwell. With intent, she had no interest to evaluate me as required by law. Injuries incurred include, but are not limited to: subjection to humiliation and false imprisonment; denial of civil rights (refer to Claim V); further degradation of therapeutic relationship with VA Mental Health Clinic which has severely limited my access to programs and groups that would be helpful to my PTSD treatment; additional trauma to an already complex and serious PTSD condition.

6) Lorraine Anger, RN, an Emergency Department nurse, recorded false entries in my medical record. Please consider that Nurse Anger with intent falsified my medical record. As other Emergency Department personnel noted in my medical record, I refused to talk except to ask for an "attorney or patient advocate", to which

Complaint

I was denied access. Since Nurse Anger had to check some boxes and fill in answers in my record, she conjured up what she thought might be reasonable answers, but the answers certainly didn't come from me. Injuries incurred include, but are not limited to: additional trauma to an already complex and serious PTSD condition; false documentation that further characterizes me as dangerous and homicidal; violation of VA's mission to "honor America's Veterans by providing exceptional health care that improves their health and well-being"; violation of VA's values posted as "trust, respect, excellence, compassion, commitment, transparency." All of these insults have created a barrier to honest communications between VA health care providers and me that would ensure proper treatment of any physical or mental condition.

Complaint

## Claim III

State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.

### Americans With Disabilities (ADA) Act

1) On January 3, 2014, and the Portland VA Medical Center,

VA police threatened to put my PTSD service dog in the pound. VA police stripped my service dog away from me as I tried to explain to them that ADA regulations required reasonable accommodations be made for the service dog to accompany me into the emergency department. Two weeks prior to this incident, I was allowed to bring my service dog into the emergency department. Injuries incurred include, but are not limited to: denial of assistive device (PTSD service dog) during a highly traumatizing event; traumatization of PTSD service dog which requires retraining and desensitization to areas of the VA hospital and people in uniform; increased trauma and intrusive memories of the entire incident; given the failure to provide trauma-informed care by the many VA employees involved in this incident, I can no longer take advantage of services offered at the VA with any confidence of being treated with professionalism, competency, dignity, honesty, or respect that is due to everyone with a disability.

Complaint

Claim IV

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.

Civil Rights Violations

1) Unlawful detention in two instances

a) On January 3, 2014, at the Portland VA Medical Center,

VA police officer accepted a two physician hold form that did not have my name on it anywhere, and took me into custody. Injuries incurred include, but are not limited to: excessive humiliation and dehumanization as ensuring that the form was filled out properly was not important before the VA police took me into custody.

b) On January 10, 2014, at the Portland VA Medical Center,

VA police officer (request for name was denied by VA police) unlawfully detained me for questioning when they noticed that I was recording video of them taking down another person outside of the medical facility in a public area. I told them that they were making me late for an appointment and they continued to detain me. Although they eventually released me, I was late for my appointment. Injuries incurred include, but are not limited to: additional trauma only a week after the initial incident that further indicated that the Portland VA Medical Center was no longer a safe place for me to receive health care services; additional harassment by VA police increased and complicated an already complex and serious PTSD

Complaint

pg. 14

condition.

2) Unlawful seizure in two instances

    a) On January 3, 2014, at the Portland VA Medical Center,

prior to entering Emergency Department, VA police took my PTSD service dog away from me thereby violating ADA regulations and Department of Justice clarifications regarding introduction of service animals in emergency rooms. Injuries incurred include, but are not limited to: denial of access to the services provided by my PTSD service dog while I was in the middle of an intensely traumatizing event; animal cruelty as the service dog was not allowed to perform the services she is trained to provide which has required extensive retraining and desensitization to uniformed personnel (retraining is ongoing as the dog in question still freezes or becomes frightened upon seeing people in uniform); further evidence that my dog and I are not reliably and consistently safe at the Portland VA Medical Center.

    b) On January 10, 2014 at the Portland VA Medical Center,

while unlawfully detaining me, a VA police officer (name has not been provided upon request) insisted that I give him my cell phone and he deleted the video that I had recorded of his performance of duties in taking down the person referred to in Claim IV, paragraph 1), item b). Injuries incurred include, but are not limited to: destruction of private property.

3) Denied "due process"

On January 3, 2014, at the Portland VA Medical Center,

the falsified two physician hold denied me of the procedural safeguards that satisfy

due process and equal protection. The "face-to-face examination" required by law

and by the American Psychiatric Association was bypassed. This two physician

process and associated examination prevent the situation in which one person's

version of events are taken at face value without any verification by a second party

and without giving the accused person any opportunity to clarify the events in

question. Injuries incurred include, but are not limited to: cruel and unusual

punishment; false imprisonment; further degradation of therapeutic relationship

with VA Mental Health Clinic which has severely limited my access to programs

and groups that would be helpful to my PTSD treatment; additional trauma to an

already complex and serious PTSD condition.


4) Deprivation of Rights Under Color of Law

On January 3, 2014 and January 10, 2014, at the Portland VA Medical Center,

Dr. Annette Matthews, Dr. Erick Turner, and the VA police used their positions as

employees of the US Government to deny the rights that are guaranteed to me by

the Constitution. Injuries incurred include, but are not limited to: same as those

injuries specified in Claim IV, paragraphs 1) -3).

Complaint

### Claim V

State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.

#### Privacy Act of 1974

1) From March, 2013 through January, 2014 at the Portland VA Medical Center,

unbeknownst to me, without my written or oral consent, private therapy session notes were explicitly shared with a number of people. As the Manager of the Outpatient Mental Health Clinic, Robert A. Tell, implements a policy of routinely sharing private therapy sessions to promote a "team" approach to mental health treatment. This policy violates the Privacy Act, unless patients are informed of the actuality that their private therapy session notes will be disseminated to others without their knowledge or consent. Injuries incurred include, but are not limited to: breach of trust in the therapeutic relationship with my therapist at the time, Jenna Wilson, LCSW, and all future mental health providers; humiliation and dehumanization upon realization that my most private and tortured thoughts had been shared with others without my permission or knowledge; brief session notes do not capture the context of my private therapy sessions or my body language which leads to misinterpretation by those providers reading the notes, and this is in part, what led to the unfortunate sequence of events on January 3, 2014.

2) On January 10, 2014, at the Portland VA Medical Center,

While the VA police detained me and seized video from my cellphone, I told them

pg. 17

Complaint

that I was just trying to make sure that the man they were taking down was not subjected to excessive force. One of the officers (name will have to be determined during discovery) became angry that I was trying to protect the gentleman's civil rights. He proceeded to tell me that the man was a rapist. This was of course a violation of that man's right to privacy. Injuries incurred include, but are not limited to: clear indication that the VA police do not respect, nor enforce, the Privacy Act when it may or may not be to their benefit to violate my privacy or evidently anyone else's privacy.

3) Since the Computerized Patient Record System (CPRS) has been in use at the Portland VA Medical Center, and undoubtedly in use around the country,

CPRS has not and does not adequately protect personal information. This is according to Philip Cauthers, the Portland VA Medical Center Privacy Officer and testimony by Brigidier General Michael Kussman, MD, before the House Committee on Veterans Affairs Subcommittee on Health, dated June 21, 2006. Anyone, regardless of their position at the Portland VA Medical Center, has access to all of my medical records, including mental health records, if they have a username and password. The Portland VA Medical Center Privacy Officer, Phillip Cauthers, confirmed this when I spoke to him and said that the system did not have that kind of granularity for user roles and access. These unacceptable shortcomings of a "secure" patient record system, acknowledged at the highest levels of the Department of Veterans Affairs, as far back as 2006, have not been fixed. Therefore, I have included the Deputy Secretary of Veterans Affairs, Sloan

D. Gibson, as a defendant.    Injuries incurred include, but are not limited to: humiliation and dehumanization upon realization that my most private and tortured thoughts can and are being viewed by anyone with access to CPRS regardless of their medical or mental health qualifications to read these entries.

Complaint

## IV. RELIEF

State <u>briefly</u> exactly what you want the court to do for you and the amount, if any, of monetary compensation you are seeking. Make no legal arguments. Cite no cases or statutes.

Total monetary compensation: $1,015,000.00

Justification: emotional suffering, increased PTSD symptoms and depression; lack

of access to mental health treatment options, and loss of potential income.

Average income over past ten years is $121,000 annually. The time to recover

from PTSD to the point that I am employable, given this latest incident, has

certainly increased by an unknown period of time.

Non-monetary remedies:

- For violation of False Claims Act – Imprisonment not to exceed 5 years for
  all defendants found guilty of violating this Act.

- For FTCA Medical Malpractice – Removal of license to practice medicine
  or psychiatry in the state of Oregon and Maryland (Dr. Erick Turner is not
  licensed to practice in Oregon but Maryland).

- Recovery of any fees associated with litigation, attorney assistance,
  copying, scanning, postage, travel to deliver summons and subpoenas.

- For violation of Privacy Act – Upgrade CPRS to provide user access roles
  such that common sense prevails as to who can see a veteran's sensitive
  and private mental health therapy sessions. VA regulations that require
  written consent from patients before private mental health sessions are
  shared with other VA employees. Notification of all veterans receiving

mental health services that their records are not currently protected and that

they have the right to demand the opportunity to decide if they want their

private therapy sessions shared with others.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this $\frac{4th}{}$ day of $\underline{December}$, 20 $\underline{14}$.

_____

(Signature of Plaintiff(s))

Complaint