IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CINDY LOU MCKINLEY,

        Plaintiff,

    v.

SLOAN D. GIBSON, Deputy Secretary of
Veterans Affairs, MD ANNETTE MARIE
MATTHEWS, Staff Psychiatrist, Portland VA
Medical Center, MD ERICK HOWARD
TURNER, Staff Psychiatrist, PVAMC, CAROL
SUZANNE UTTERBERG, PMHNP, Medication
Mgmt Nurse Practitioner, PVAMC, ROBERT A.
TELL, LCSW, Manager, Outpatient Mental Health
Clinic, PVAMC, LORRAINE TIFFANY ANGER,
RN, Emergency Department RN, PVAMC, DANIEL
SPINAS, Portland VA Police Officer, ADDITONAL
PORTLAND VA POLICE OFFICERS, and
UNITED STATES GOVERNMENT,

              Defendants.

No. 3:14-cv-01931-HZ

OPINION & ORDER


Cindy Lou McKinley
21401 NE Sandy Blvd, Site #124
Fairview, OR 97024

    Pro Se Plaintiff

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff brings several claims, including medical malpractice under the Federal Tort Claims Act, claim under the False Claims Act, disability discrimination under the ADA, violation of her civil rights, and violation of her privacy rights.  Before the court is Plaintiff's motion for appointment of pro bono counsel [3].  I deny the motion for pro bono counsel because Plaintiff has not shown exceptional circumstances to warrant the appointment of counsel.

Generally, there is no constitutional right to counsel in a civil case.  United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  Id.  "The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances."  Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted).  To determine if exceptional circumstances exist, the court evaluates the likelihood of plaintiff's success on the merits and "plaintiff's ability to articulate his claims in light of the legal issues involved."  Id. (internal quotation omitted), cert. denied, 545 U.S. 1128 (2005).

Plaintiff applied for *in forma pauperis* status, but the motion was denied because Plaintiff did not qualify for such status.  Dec. 15, 2014 Order [6].  Plaintiff attests that she called six law firms, but that none were willing to take her case on a contingency basis.  Plaintiff has not established that her efforts to obtain legal counsel have been unsuccessful due to her financial situation.  Plaintiff is also able to communicate in a manner understood by the court.  The circumstances at this time do not warrant seeking volunteer counsel to accept a pro bono appointment.  Plaintiff's motion for appointment of counsel [3] is therefore denied.

/ / /

2 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Plaintiff's motion for appointment of pro bono counsel [3] is denied.

IT IS SO ORDERED.

Dated this 23 day of Dec, 2014.

MARCO A. HERNÁNDEZ
United States District Judge

3 - OPINION & ORDER